UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 SEP -6 PM 12: 20

CLERK

BY ____ ᴌᴀᴡ
DEPUTY CLERK

LEAH MARIE SCHULZ,
Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
Defendant.

Civil Action No.:

2:22 cv - 167

## **COMPLAINT**

NOW COMES Plaintiff, by and through her attorneys, Jarvis & Modun, LLP, and alleges the following:

### I.  Jurisdiction and Venue

1.  Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. (ERISA). Venue and jurisdiction are proper under 29 U.S.C. § 1132.

2.  This is an action pursuant to 29 U.S.C. 502(a)(1)(B) to clarify a plan beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of her rights under the policy at issue, which policy is an "employee welfare benefit plan" as defined by ERISA. Plaintiff seeks reinstatement of her benefits and payment of all back benefits due to her. Plaintiff seeks to enforce her rights under the plan and to clarify her rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff also seeks an award of attorney's fees, costs, and interest.

### II. Parties

3.  Plaintiff is an adult resident of the town of Williston in the county of Chittenden and state of Vermont.

4.  Plaintiff was an employee of Cope & Associates, Inc., in Williston, Vermont from about February 3, 2016 until on or about August 17, 2018.

5.  Defendant Reliance Standard Life Insurance Company ("Reliance") is a foreign corporation incorporated in Illinois with its main administrative offices in Philadelphia, Pennsylvania that is licensed to underwrites long-term disability ("LTD") insurance policies for employers in Vermont.

6.  Defendant underwrote the LTD Policy Number LTD-SMALL 728421, ("the Plan") that was purchased by Cope & Associates for the benefit of its employees and was part of its employee welfare benefit plan.

### III. The LTD Contract

7.  Under the Plan, Defendant pays any LTD benefits that may be due.

8.  Under the Plan, there is an elimination period of 180 days.

9.  During the elimination period and the next 36 months, "Total Disability" is defined under the Plan as, "an Insured cannot perform the material duties of his/her Regular Occupation."

10. After the elimination period and the next 36 months, "Total Disability" is defined as "an Insured cannot perform the material duties of Any Occupation."

11. The Plan pays 60% of an eligible employee's monthly pre-disability earnings, with a minimum and a maximum benefit.

12. For an employee Plaintiff's age, the maximum period of payment for disability is until the employee's full retirement age.

13. The Policy makes certain deductions for other benefits that an employee receives, including Social Security Disability Insurance.

**IV. Work and Medical History**

14. Plaintiff was born on December 16, 1988.

15. Plaintiff was hired by Cope & Associates, Inc. on about February 3, 2016. and worked as a senior project associate until about August 17, 2018.

16. As of August 17, 2018, Plaintiff was eligible to receive LTD benefits under the Plan.

17. Her basic salary by the end of her employment was $65,000.04 per year.

18. On or before August 17, 2018, Plaintiff developed medical conditions that prevented her from doing the material duties of her regular occupation.

19. Defendant found that Plaintiff met the requirements for LTD benefits under the Plan during the elimination period and until September 16, 2021. Accordingly, it paid Plaintiff an LTD benefit from February 16, 2019 until September 21, 2021.

20. Plaintiff applied for and was awarded Social Security Disability Insurance benefits with an onset date of disability in August 2018 and an initial entitlement month after a waiting period of February 2019.

21. Defendant issued a letter to Plaintiff on September 28, 2021, in which it notified Plaintiff that it no longer considered her disabled under the Plan.

22. Plaintiff appealed the initial denial in a notice that was faxed to Defendant on March 14, 2022 and delivered via Certified U.S. Mail on March 27, 2022.

23. Defendant never requested additional time to review the appeal.

24. On August 2, 2022, Defendant issued its final denial of Plaintiff's LTD claim for continued benefits.

25. Plaintiff has been and continues to be disabled under the terms of the Plan since August 17, 2018.

## V. Count One – Failure to Follow Prescribed Procedures in Reviewing Plaintiff's Appeal.

26. By reference, Plaintiff incorporates allegations 1 through 25 above.

27. Defendant has failed to follow the prescribed procedures for reviewing claims.

28. Defendant's denial of LTD benefit is not entitled to deferential review.

### VI. Count Two - Arbitrary and Capricious Denial of Benefits

29. By reference, Plaintiff incorporates allegations 1 through 28, above.

30. Even if Defendant's decision is entitled to deferential review, Defendant acted arbitrarily and capriciously, and its decision is unsupported by substantial evidence.

WHEREFORE, Plaintiff prays that this Court:

1. Review the administrative record and declare Plaintiff's disabled, or

2. Review the administrative records and declare Defendant's denial arbitrary and capricious, and

3. award Plaintiff LTD benefits under the Policy, and/or

4. remand the claim to Defendant for a determination under the any occupation period of disability, and,

5. award Plaintiff attorney's fees, costs, and interest, and

6. grant other such relief as the Court deems just and appropriate.

September 1, 2022
South Burlington, Vermont

Respectfully submitted,
Jarvis & Modun, LLP
Attorneys for Leah Marie Schulz

By: _____

Craig A. Jarvis
Vt. License No. 3715
P.O. Box 4590
Burlington, VT 05406
(802) 540-1030